```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|  |  |  |
|---|---|---|
| REINA NAJERA | : | |
| | : | |
| v. | : | Civil Action No. DKC 2007-1904 |
| | : | |
| GENERAL ELECTRIC COMPANY, et al. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiff's motion to remand. The issues are fully briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, the motion will be denied.

Plaintiff filed a complaint in the Circuit Court for Prince George's County, asserting product liability tort claims against General Electric Company and John Doe Company arising from the explosion and/or short circuit of a stove from which she suffered burns to her eye and face. The complaint seeks $250,000 in damages. General Electric removed the action to this court on the basis of diversity of citizenship. In her response to the court's standing order concerning removal, Plaintiff purports to strike and amend the *ad damnum* clause to seek only $74,999 in damages. She then states that the case ought to be remanded to the Circuit Court. Defendant opposes remand, and contends that removal was proper and that the court retains jurisdiction over the case despite the attempted amendment. Plaintiff replies that the amendment to the complaint reflects that the amount in controversy

never was above the $75,000 threshold despite her good faith assertion of a larger amount in the complaint.

>   As recently noted by Judge Blake:
>
>> Diversity jurisdiction is determined as of the date the suit is filed. *See, e.g., Porsche Cars N. Am., Inc. v. Porsche.Net*, 302 F.3d 248, 255-56 (4th Cir. 2002) (holding that "a court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy") (citations omitted). Thus, even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Thompson v. Victoria Fire & Cas. Co.*, 32 F.Supp.2d 847, 849 (D.S.C.1999); *Morris v. Naugle*, 722 F.Supp. 1285, 1286-87 (D.Md.1989). Diversity jurisdiction existed when the action was filed and removed to this court; the plaintiff's amended complaint reducing the damages claimed provides no basis for remanding this case. The plaintiff's motion to remand, therefore, will be denied.

*Gardner v. AMF Bowling Centers, Inc.*, 271 F.Supp.2d 732, 733 (D.Md. 2003). Plaintiff's assertion that her initial demand was too high, but made in good faith, is insufficient under the circumstances. While she states that she did not know "to a legal certainty" that she could recover the amount sought, she does acknowledge that it was a "good faith estimate of the possible damages." She has not stated what has been discovered since removal that justifies the reduction, nor has she offered to stipulate that she will under no

circumstances seek or accept more than $74,999 in damages. She has not articulated with any specificity what injuries she suffered. A paper filed with the state court complaint states that the medical bills were about $15,000, the wage loss was about $10,000, and the property damages about $1,500. In a personal injury action, it is not at all clear that those economic damages would not give rise to an overall damage claim exceeding $75,000. Thus, at the time the complaint was filed and at the time of removal, the amount in controversy exceeded the statutory amount and removal was proper.

    By separate order, the motion to remand will be denied.

                                              /s/
                              DEBORAH K. CHASANOW
                              United States District Judge